IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| GABRIEL BONEFONT | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. G-07-012 |
| | § | |
| U.S. SHIPPING PARTNERS, L.P., ET AL. | § | |

### OPINION AND ORDER

In an effort to clear the decks for the upcoming trial, the Court issues this Opinion and Order on the pending Motions in this cause.

Bonefont's Motion to Compel Maintenance and Cure (Instrument no. 24) is **DENIED**. Bonefont chose to join his maintenance and cure claim to his other general maritime law and Jones Act claims, which he has the right to do. Romero v. International Terminal Operating Co., 358 U.S. 354 (1959)   Bonefont could have filed a separate maintenance and cure suit, Pelotto v. L&N Towing Co., 604 F.2d 396, 402 (5th Cir. 1979), but, having elected to pursue only one suit, he has limited his option to asking for a severance of the maintenance and cure claim and an expedited trial of it by the Court, Tate v. American Tugs, Inc., 634 F.2d 869, 871 (5th Cir. 1981); however, since trial is now less than two weeks away that option is foreclosed.  The Court will consider Bonefont's maintenance and cure claim at the trial of his complaint.

USS Transport LLC's Motion for Partial Summary Judgment (Instrument no. 25) as to Bonefont's claim for loss of future earning capacity is **DENIED**.  Generally, collateral estoppel depends on three elements: 1) the issue at stake must be identical to the one involved in the prior action; 2) the issue must have actually been litigated in the prior action; and 3) the determination of the issue in the prior action must have been a necessary part of the judgment in that earlier

action. Sheerin v. Davis, 3 F.3d 113, 114 (5th Cir. 1993)   In some cases, however, the Fifth Circuit has recognized a fourth requirement that there be "no special circumstance that would render preclusion inappropriate or unfair." Recoveredge L.P. v. Pentecost, 44 F.3d 1284, 1290 n.12 (5th Cir. 1995) (citing United States v. Shanbaum, 10 F.3d 305, 311 (5th Cir. 1994)   In such cases, claim preclusion can be rejected where its invocation could work an injustice. See Wright, Miller & Cooper, Fed.Prac.&Proc: Jurisdiction 2nd § 4426 at 683, see also Moch v. East Baton Rouge Parish School District, 548 F.2d 594, 597 (5th Cir. 1977)   While this Court is not completely convinced that a prior recovery for loss of future earning capacity which occurred 13 years ago is the "identical" issue presented in this lawsuit, it seems evident that there is the potential that precluding the new claim could work an injustice since it is not inconceivable that an injured seaman could recover from a prior debilitating injury sufficiently to return to some form of maritime work and, thereby, resurrect, quite innocently, a new and valid claim for the loss of future earning capacity.

The potential for recovery which trumps collateral estoppel also undercuts USS Transports' ability to show a causal connection between the prior disability and the current injury allegedly suffered by Bonefont and presents a fact question which precludes summary judgment. Therefore, USS Transports' Motion for Partial Summary Judgment (Instrument no. 26) as to Bonefont's maintenance and cure claim is **DENIED**.

**DONE** at Galveston, Texas, this _____16th_____ day of June, 2008.

_____
John R. Froeschner
United States Magistrate Judge